IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Juan Manuel Gonzalez (M41483),<br>Petitioner,<br><br>v.<br><br>Jeff Dennison, Warden,<br>Pinckneyville Correctional Center<br>Respondent. | No. 20-cv-4024<br><br>Hon. Franklin U. Valderrama |

## MEMORANDUM OPINION AND ORDER

Petitioner Juan Manuel Gonzalez, with the assistance of court-appointed counsel, seeks 28 U.S.C. § 2254 habeas corpus relief. R.1 and 19.[1] Challenging his 2013 Will County guilty-plea conviction on two counts of predatory criminal sexual assault, he argues that his trial attorney provided ineffective assistance when she advised him not to accept a plea offer with a recommended sentence, which was less than the sentence Gonzalez later received following his blind plea. Respondent has answered the petition, and this matter is fully briefed. For the reasons below, the Court denies the § 2254 petition and declines to issue a certificate of appealability.

## I. Background

The background facts are taken from the state appellate court decision in Gonzalez's direct appeal. *People v. Gonzalez*, 2018 IL App (3d) 170716-U (Ill. App. Ct. 2018); *see also Hartsfield v. Dorethy*, 949 F. 3d 307. 309, n.1 (7th Cir. 2020) (a federal court may take background facts from the state appellate court opinion "because they are presumptively correct on habeas review") (citing 28 U.S.C. § 2254(e)(1)).

---

[1] Citations to the docket are indicated by "R." followed by the docket number and then page number.

### A. Gonzalez's State Proceedings

Gonzalez pleaded guilty to two counts of predatory criminal sexual assault of a child. According to the factual basis of his plea, which came from an interview of the victim and Gonzalez's videotaped confession, Gonzalez was at his friend Alejandro's house drinking one afternoon in March of 2013. *Gonzalez*, 2018 IL App (3d) 170716-U, ¶ 4. Gonzalez stated he was going to buy more alcohol. *Id*. Alejandro's four-year old daughter wanted to join Gonzalez, and her parents allowed her to do so. On the way, the two stopped at Gonzalez's house to use a bathroom. Inside his house, Gonzalez became "sexually excited [and] got an erection." *Id*.

> He indicated that he walked the victim to his bedroom, sat her down on the bed, pulled her pants down, lifted her leg, kissed and licked her vagina, but he indicated that he did not put his tongue inside. He pulled his pants down and … masturbated and was licking the victim's vagina, … he then ejaculated on the floor, wiped his penis … and then wiped his penis on the victim's vagina.
>
> After cleaning up with a rag, he pulled the victim's pants up and he told the victim not to tell anyone.
>
> Defendant was 42 years' old.

*Gonzalez*, 2018 IL App (3d) 170716-U, ¶ 5.

Gonzalez entered an open (blind) plea, meaning the parties did not recommend a sentence to the trial court judge. *Id*. at ¶ 4. During the plea colloquy, the trial court advised Gonzalez that he faced sentences between 6 and 60 years' imprisonment on each count, and further indicated that the sentence for each count would run consecutively. *Id*. at ¶ 6.

At the sentencing hearing, after considering a victim impact statement and a presentence report, the trial court sentenced Gonzalez to two consecutive

2

imprisonment terms of 20 years, for a total of 40 years imprisonment. *Id.* at ¶¶ 7–9. Gonzalez moved for reconsideration of the sentence, arguing it was excessive. *Id.* at ¶ 10. The trial court denied the motion. *Id.*

On direct appeal, Gonzalez raised the same excessive-sentence claim. *Id.* at ¶ 14. He argued that his 40-year sentence was essentially a life sentence and, thus, excessive considering: "he had no prior felony convictions, he maintained regular employment and lived a law-abiding life for a substantial period of time both before and after he committed the present offenses, and he accepted responsibility by pleading guilty to both of the charged offenses." *Id.* The state appellate court determined that the trial court appropriately considered the evidence and did not abuse its discretion when imposing the sentence. *Id.* at ¶¶ 14–16.[2]

Ten months later, Gonzalez filed a motion with the Illinois Supreme Court for permission to file a late petition for leave to appeal (PLA). He explained that he was proceeding *pro se*, the prison's library contained no legal resources in Spanish, and he had to rely on the help of other inmates due to his difficulty understanding English, as well as his mental and learning disabilities. R. 21-8, at 2–3. The Illinois Supreme Court allowed the late PLA which repeated Gonzalez's excessive-sentence argument, as well as a new claim that there was insufficient evidence to support his second conviction count since there was no evidence of penetration. *Id.* at 5–8, 22.

---

[2] The state appellate court did not address the merits of Gonzalez's excessive-sentence claim until his third direct appeal. *See Gonzalez*, 2018 IL App (3d) 170716-U, ¶¶ 14-16. Twice the state appellate court "remanded for strict compliance with [Ill. S. Ct.] Rule 604(d)," which requires a defense attorney to certify she consulted with the defendant and reviewed the guilty-plea and sentencing records when filing a motion in the trial court challenging the sentence. *Id.* at ¶ 12; *see also People v. Gonzalez*, 2017 IL App (3d) 160183.

3

The Illinois Supreme Court denied the PLA. *People v. Gonzalez*, 132 N.E.3d 339 (Ill. 2019).

Gonzalez filed neither a petition for a writ of certiorari in the United States Supreme Court, nor a state post-conviction petition. R. 5, at 3–4. He instead filed his federal § 2254 petition for habeas relief in this Court in July of 2020. R. 1 and 5.

**B. Gonzalez's 28 U.S.C. § 2254 Petitions**

Gonzalez's original § 2254 petition, which he filed *pro se*, argued the following claims: (1) his guilty plea was not knowingly and intelligently entered since his attorney did not adequately explain: Gonzalez faced two criminal counts for his conduct, the sentences would be consecutive, the State lacked DNA evidence and hospital records, or the meaning of a blind plea; (2) he was denied his right to present a defense based on his attorney's failure to seek to suppress his confession and arrest; (3) insufficient evidence of penetration existed to support one of his conviction counts; and (4) trial counsel was ineffective for failing to: (a) investigate Gonzalez's fitness and request a fitness hearing, (b) investigate witnesses, (c) investigate the effects Gonzalez's medications had on his mental state, and (d) investigate the possibility of police torture before Gonzalez's confession. R. 5, 5–13.

Shortly after Gonzalez initiated this case, he motioned for the appointment of an attorney, which the Court granted. R. 7 and 8. Appointed counsel filed a supplemental § 2254 petition stating that Gonzalez made "several claims in his original petition that he now withdraws." R. 19, at 1. Gonzalez' attorney states that he learned through communications with Gonzalez that he never told his trial

4

attorney about a history of mental illness or drug abuse, about police torturing him, or about witnesses to investigate. *Id.* at 1–2.

According to the supplemental petition, Gonzalez's sole § 2254 claim is that his trial attorney was ineffective for "failing to properly advise him as to the potential consequences of rejecting an offer of a negotiated plea with an agreed sentence." *Id.* at 2. The supplemental petition states that, before Gonzalez pled guilty, his trial attorney informed him of an offer where the State would recommend a sentence of 18 years' imprisonment in exchange for a guilty plea; that Gonzalez rejected the offer based in part on the attorney's advice; that the attorney did not inform him of the potential maximum sentence he faced; and that, had he known about the maximum sentence, he would have accepted the State's offer. *Id.*

## II. Argument

### A. The Claim Currently Before the Court

Respondent first contends that Gonzalez's "Supplemental Petition," despite its label, is an amended petition and the only claim before the Court is the ineffective-assistance-of-counsel claim asserted therein. R. 20, at 3–4. The Court agrees.

Generally, "an amended complaint supersedes any prior complaint, and becomes the operative complaint." *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 890 (7th Cir. 2016) (citing *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012)). This rule applies to habeas cases. *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002) ("amended [§ 2254] petition … supersedes the first"); *Mitchell v. Greene*, No. 18-CV-04317, 2021 WL 1998237, at *5 (N.D. Ill. May 18, 2021) ("the Amended Petition[] is the controlling

pleading and supersedes any earlier pleadings"); *Roy v. Warden*, No. 12 CV 8-JRS-DLP, 2020 WL 7324814, at *2 (S.D. Ind. Oct. 20, 2020) ("An amended habeas petition supersedes an original habeas petition.") (citations omitted).

Gonzalez's appointed counsel in this case twice sought an extension of time to file an *amended* petition. R. 13, 17. Though the pleading he filed is titled "Supplemental Petition," this petition clearly seeks to replace, rather than add to, the original petition. Counsel explains in the second petition that Gonzalez "withdraws" several claims asserted in the original petition, and then clarifies the one claim for which § 2254 relief is sought: "Petitioner's complaint of unconstitutional detention is based on Ineffective Assistance of Counsel in failing to properly advise him as to the potential consequences of rejecting an offer of a negotiated plea with an agreed sentence." R. 19, at 1–2. While the second petition incorporates Gonzalez's factual allegations from the original petition, it does not incorporate the first petition's claims. *Id.* at 2. Furthermore, Gonzalez's reply to Respondent's answer does not challenge Respondent's contention that the only claim in this case is the one asserted in the second § 2254 petition. R. 20, at 3–4; R. 22, at 1–3.

The Court thus considers the "Supplemental Petition" as Gonzalez's amended petition, and the claims from the original § 2254 petition not repeated or clarified in the amended petition, as Gonzalez's counsel states, "withdraw[n]." R. 19, at 1.

### B. Timeliness of Gonzalez's Amended § 2254 Petition's Claim

Respondent next argues the amended petition's one claim—trial counsel was ineffective for advising Gonzalez to reject the plea offer with a recommended

6

sentence—is untimely. R. 20, at 4. Respondent maintains that this is a new claim not asserted in the original petition (which was timely filed)[3], and the filing date of the claim does not relate back to the date the original petition was filed. *Id.* Respondent is incorrect.

Federal Rule of Civil Procedure 15(c), which controls when the filing date of an amended complaint relates back to the filing date of the original complaint, "applies to post-AEDPA habeas corpus proceedings." *Newell v. Hanks*, 283 F.3d 827, 835 (7th Cir. 2002). "Rule 15(c) permits relation back where the claims in an amended pleading are based on the same core of facts advanced in the original." *Id.* at 827 (citing *Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996)); *see also* Rule 15(c)(1)(B) (finding an amended complaint relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Both the amended and original § 2254 petitions present claims about trial counsel's ineffectiveness with respect to Gonzalez's guilty plea. *Id.* at 664. The amended petition asserts that trial counsel advised Gonzalez to reject a plea offer with a recommended sentence, while the original § 2254 petition argues that his

---

[3] Gonzalez's original petition was filed in July of 2020, seven months after his conviction became final by direct review. *See* R. 1; *See also Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (finding an "order 'granting an out-of-time appeal restore[s] the pendency of the direct appeal'") (internal citation omitted); *Mayberry v. Dittmann*, 904 F.3d 525, 528 (7th Cir. 2018) (finding the 90-day period for petitioning the Supreme Court for a writ of certiorari following a state supreme court's denial of PLA must be considered when determining when a conviction becomes final under § 2244(d)(1)(A)).

7

guilty plea was not knowingly and intelligently entered because trial counsel "failed [to] inform[] I have two counts …; failed to inform the sentence[s] are consecutive; … [and] never explain[ed] what is a blind plea." R. 5, at 5–7; *see also* R. 19. Both petitions contend that trial counsel provided insufficient information to Gonzalez about whether to enter a blind plea or accept the plea offer with a recommended sentence. Both petitions' claims also "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

The Court thus concludes that the amended petition's claim is sufficiently related to the claims asserted in the original petition, and that the filing date of the amended petition relates back to the filing date of the original petition. The amended petition is thus timely.

## C. Procedural Default

Respondent further argues that Gonzalez's claim is procedurally defaulted because he did not fairly present it in one full round of state court review. The Court agrees.

Under § 2254(b), a state prisoner must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). He must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," which is accomplished "by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing § 2254(c)). "When the prisoner has failed to do so, and the state court would dismiss the claim" on state procedural grounds if the prisoner now

8

presented it, "the claim is 'procedurally defaulted.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1727–28 (2022).

As previously noted, Gonzalez's direct appeal raised only the claim that his 40-year sentence was excessive. *See Gonzalez*, 2018 IL App (3d) 170716-U, ¶ 14. His PLA argued this claim and a claim of insufficient evidence of penetration to support his second conviction count. *See* R. 21-8, at 57. Neither his direct appeal, nor his PLA argued the ineffective assistance of counsel claim his amended § 2254 petition presents. Nor did he file a state post-conviction petition to exhaust the claim. *See* R. 5, at 3–4.

Gonzalez's current attorney, in his reply to Respondent's answer, does not dispute that Gonzalez raised no ineffective assistance claims in state court. The attorney instead contends that ineffective assistance of counsel claims are inappropriate in a direct appeal, but instead, should be raised in a collateral proceeding. R. 22, at 3 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). *Masaro*, however, does not apply to this case, at least not in the way Gonzalez argues.

In *Masaro*, the Supreme Court held that the failure to raise an ineffective assistance of counsel claim on direct appeal in a federal criminal case did not procedurally bar bringing the claim in a collateral 28 U.S.C. § 2255 motion. *Masaro*, 538 U.S. at 504. The *Masuro* court reasoned that "a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" since the district court in the § 2255 proceeding, as opposed to the appellate court on direct review, can develop a record to address the claims. *Id.* at 504–05.

9

But attempting to use *Masaro* as a reason for skipping state-court review altogether, as Gonzalez argues, has been rejected by the Seventh Circuit:

> In his opening brief in this court, Hayes contended that *Massaro v. United States*, 538 U.S. 500 … (2003), relieves him from [procedural] default. It does nothing of the kind. *Massaro* holds that a defendant in a federal criminal prosecution need not raise a claim of ineffective-assistance on direct appeal but always may reserve it for a collateral proceeding under 28 U.S.C. § 2255. This is a rule of practice for federal judges in federal criminal cases and does not change the relation between state and federal courts. *See Gomez v. Jaimet*, 350 F.3d 673, 678 (7th Cir.2003); *Sweet v. Bennett*, 353 F.3d 135, 140–41 (2d Cir.2003). What is more, even if *Massaro* were to be applied to proceedings under § 2254, it would not permit the defendant to omit the ineffective-assistance claim from both direct and collateral review in state court.

*Hayes v. Battaglia*, 403 F.3d 935, 937 (7th Cir. 2005).

As the Supreme Court has repeatedly stressed: "Comity … dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Boerckel*, 526 U.S. at 844 (citing *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982)); *see also Shinn*, 142 S. Ct. at 1732 ("[T]o allow a state prisoner simply to ignore state procedure on the way to federal court would defeat the evident goal of the exhaustion rule.").

Gonzalez did not present his ineffective-assistance claim to the state courts; he has not satisfied § 2254(b)'s exhaustion requirement; and Illinois law indicates that, if he now attempted to bring the claim in a state post-conviction petition, the claim would be considered untimely. *See* 725 ILCS 5/122-1(c) (Under Illinois law, the statute of limitations for a post-conviction petition is six months from the date the U.S. Supreme Court denies certiorari on direct review or, if no certiorari petition was

10

filed, six months from the expiration of time to file such a petition.). Gonzalez's claim is thus procedurally defaulted.

Because of the default, Gonzalez can obtain federal habeas review of the merits of his claim only if he satisfies one of two exceptions to procedural default: (1) cause for the default and actual prejudice; or (2) a resulting fundamental miscarriage of justice if this Court fails to review the claim's merits, which courts have interpreted as requiring new evidence of the applicant's actual innocence. *House v. Bell*, 547 U.S. 518, 536–37 (2006); *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016). Gonzalez makes no showing of either exception. Instead, he simply relies on *Masaro*, which as explained above, does not apply to this case and does not excuse his default.

Accordingly, Gonzalez's claim that his trial attorney was ineffective for failing to advise him about a plea offer with a recommended sentence is procedurally defaulted, and he has not shown one of the exceptions for his default. No federal habeas relief is available for this claim.

Although the only claim for this Court's review is the amended petition's ineffective-assistance-of-counsel claim, the Court notes that the claims Gonzalez presented in his original, *pro se* § 2254 petition, are also procedurally defaulted. *see* R. 5, at 5–24. He presented none of them in one full round of state court review. *See* R. 21-4 (Gonzalez's direct appeal brief); R. 21-8 (his PLA). As to the one claim for which he did exhaust state court remedies (his 40-year sentence was excessive), the claim is in neither his original nor his amended § 2254 petitions. Even if this Court could get to this claim, however, it too appears defaulted. When Gonzalez presented

11

the claim to the state courts, he argued that his sentence was excessive only under state law, not constitutional law. *Id.*; *see also Gonzalez*, 2018 IL App (3d) 170716-U, ¶¶ 14–16 (the state appellate court addressed the excessive-sentence issue only under state law). Federal habeas relief is available only for constitutional errors, *see* § 2254(a), and a state prisoner must have fairly presented the federal issue to the state courts in such a way that those courts had an opportunity to address it. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006); § 2254(c). In other words, even if this Court could review all the claims in Gonzalez's two § 2254 petitions, as well as the claim he presented to the state courts, federal habeas relief is unavailable.

### III.  APPELLATE RIGHTS AND CERTIFICATE OF APPEALABILITY

This is a final judgment. If Gonzalez seeks to appeal this decision, he must file a notice of appeal in this Court within 30 days of the date this opinion is entered. The Court declines to issue a certificate of appealability (COA) since Gonzalez cannot make a substantial showing of the denial of a constitutional right, or that reasonable jurists would debate, much less disagree with, the Court's resolution of his claims. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2)); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV.  CONCLUSION

For the reasons stated above, Gonzalez's original and supplemental § 2254 petitions, R. 5 and 19, are denied. The Clerk of this Court is directed to: (1) substitute David Mitchell, Pinckneyville Correctional Center's current warden, as Respondent in place of Jeff Denison (its former warden); (2) alter the caption of this case to

*Gonzalez v. Mitchell*; and (3) enter a Fed. R. Civ. P. 58 judgment against Gonzalez. All pending motions are denied. Civil case terminated.

Date: May 4, 2023

_____
United States District Judge
Franklin U. Valderrama